Norm Young, Lenore Young, Adrienne Young, F.S. & O. Associates, Inc., Bonnie Young, Defendants.

Docket No. 01–7166.

United States Court of Appeals, Second Circuit.

June 10, 2002.

Angela HARPER, Plaintiff,

Dennis King, Brooklyn, NY, pro se.

Jared J. Scharf, White Plains, NY, for Plaintiff–Appellee.

Present STRAUB, SOTOMAYOR, Circuit Judges, GOLDBERG,* Judge.

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Petitioner–Appellant Dennis King, *pro se*, appeals from an order of the United States District Court for the Southern District of New York (Charles L. Brieant, *Judge*), denying his Fed.R.Civ.P. 60(b) motion for reconsideration of a prior order issued by the District Court.

King was retained by Plaintiff–Appellee Jared Scharf, an attorney, as an expert witness in the field of forensic accounting to assist Scharf in preparing for two cases brought in the District Court in1990. Shortly after judgment was entered and those cases closed, Scharf filed a petition with the District Court seeking to obtain his legal fees, including money held in an escrow account on behalf of King. After a hearing before a federal Magistrate Judge, an Amended Stipulation of Settlement was filed concerning the distribution of money from the escrow account. King, however, challenged the settlement, alleging that because he never signed or consented to the settlement agreement he should be entitled to the reasonable value of his services, which he claimed as $35,741.06. On September 26, 2000, the District Court entered an order stating that it would not adjudicate the reasonable value of King's accounting services. Additionally, the court stated that King was free to accept the amount due him under the settlement, which was $24,455.48, or to bring an action in state court for the $35,741.06 he claims is due him. King then filed an affidavit challenging the District Court order, which the court construed as a motion for reconsideration of its September 26, 2000 order. The court denied King's motion for reconsideration and ordered that the remaining funds held in the escrow account be released to those entitled, pursuant to the court's previous order. This appeal followed.

We review a District Court order granting or denying a motion for relief from a final judgment pursuant to Fed. R.Civ.P. 60(b) for abuse of discretion. *See Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir. 1998). "A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Id.* (internal citation omitted).

Here, the District Court did not abuse its discretion, and properly denied appellant's Rule 60(b) motion. King's motion merely attempts to relitigate claims that had been previously decided by the District Court without providing any evidence of an abuse by the district court. Accordingly, because King has failed to present

---

* The Honorable Richard W. Goldberg, of the United States Court of International Trade, sitting by designation.

any evidence that the District Court abused its discretion in denying his Rule 60(b) motion, the District Court's order is AFFIRMED.